UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SAFELITE SOLUTIONS, LLC,**

   **Plaintiff,**

 **v.**         **Civil Action 2:21-cv-1957**
              **Judge James L. Graham**
              **Magistrate Judge Chelsey M. Vascura**

**C THRU AUTO GLASS, LLC,**

   **Defendant.**

## OPINION AND ORDER

Plaintiff, Safelite Solutions, LLC ("Safelite"), brings this state-law fraud and breach-of-contract case against Defendant, C Thru Auto, LLC ("C Thru"). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This matter is before the Court on C Thru's Motion for a Protective Order and Motion for Extension of Time (ECF No. 15), which the Court characterizes as requesting a stay discovery pending resolution of C Thru's Motion to Dismiss, as well as entry of a protective order stating that it does not have to respond to Safelite's discovery requests that implicate confidentiality concerns. For the reasons that follow, C Thru's Motion (ECF No. 15) is **DENIED**.

## I.

Safelite commenced this action on April 22, 2021. On June 21, 2021, C Thru filed a Motion to Dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure

12(b)(1) and for failure to state a claim under Rule 12(b)(6), which Safelite opposes. (ECF Nos.

8, 11). On September 9, C Thru filed the subject Motion, making the following two requests:

> [1] Defendant requests an extension of time to respond to the Plaintiff's discovery until thirty days after the Court rules on the Defendant's Motion to Dismiss. . . .

> [2] Without waiving its prior jurisdictional arguments or the Motion to Dismiss, Defendant moves for protective order regarding all discovery sought as Plaintiff's discovery is improperly seeking confidential settlement information and documentation.

(C Thru's Mot. 2, ECF No. 15.) Safelite opposes the relief C Thru seeks, asserting that a stay

pending resolution of C Thru's Motion to Dismiss is not warranted and that C Thru's

confidentiality concerns could be addressed through entry of a stipulated protective order, but C

Thru neglected to confer with Safelite prior to filing this Motion.

## II.

### A.    C Thru's Request for a Stay

"A stay of discovery for any reason is a matter ordinarily committed to the sound

discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13–cv–767, 2014 WL

6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[] a

district court to issue a protective order staying discovery during the pendency of a motion for

'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10–cv–219, 2010

WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United

States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad

discretion and power to limit or stay discovery until preliminary questions which may dispose of

the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v.

Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery

are appropriate where claims may be dismissed 'based on legal determinations that could not

have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06–cv–292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

Applied here, C Thru has not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10–cv–394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss.

> This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S. Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06–cv–549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008).

Although C Thru's Motion to Dismiss is brought under both Rule 12(b)(6) and 12(b)(1), this Court has frequently denied stays of discovery in the face of both "garden-variety" 12(b)(6) motions, as well as 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction. *See, e.g. Ohio Bell*, 2008 WL 641252, at *2 (denying discovery stay pending resolution of motion challenging subject-matter jurisdiction); *Boddie v. PNC Bank, NA*, No. 2:12–cv–158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013) (denying discovery stay pending resolution of motion challenging standing); *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20–cv–03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020) (denying stay pending resolution of motion challenging both standing and sufficiency of pleadings). When considering whether a stay pending resolution of a Rule 12(b)(1) motion is appropriate, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay). *Ohio Bell*, 2008 WL 641252, at *2; *see also Seattle House,* 2020 WL 7253309, at *3.

Although the undersigned takes no position on the outcome of C Thru's Motion to Dismiss, the Court finds that C Thru's 12(b)(6) arguments are of the "garden variety" that do not warrant a stay and that its 12(b)(1) arguments are best described as fairly debatable rather than clear-cut.  For example, as it relates to C Thru's 12(b)(1) challenge, in response to C Thru's assertion that Safelite lacks standing because it was not injured, Safelite posits that it suffered reputational harm and interference with its business model.  Thus, "there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against granting a stay of discovery."  *Ohio Bell*, 2008 WL 641252, at *2.

Moreover, C Thru has made no showing that responding to Safelite's written discovery requests will be unduly burdensome.  Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation."  *Young v. Mesa Underwriters Specialty Ins. Co.,* 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020); *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10–cv–1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying motion to stay discovery where defendant "ma[de] no effort to detail the specific burdens it will face from discovery . . . nor d[id] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court").  The Court finds that any burden C Thru will incur in responding to discovery is outweighed by Safelite's right to have its claims resolved in a timely and efficient manner.  *Id.*

**B.    C Thru's Request for a Protective Order**

It is clear that C Thru's request for a protective order to protect confidential information is premature.  Before filing any discovery motion, the parties must first meet and confer in a good faith attempt to resolve the issue.  S.D. Ohio Loc. R. 37.1.  If this fails, the parties must

then contact the Court to request an informal conference, as required by the Preliminary Pretrial Order in this case.  (ECF No. 14 at 3, "If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.")  Safelite represents the parties have already met and conferred regarding a general stipulated protective order in the case, the entry of which, should address C Thru's confidentiality concerns.  (ECF No. 16 at 5.)  The parties must similarly work together to manage future discovery issues before bringing their disputes to the Court should they arrive at impasse.

### III.     DISPOSITION

For the foregoing reasons, C Thru's Motion (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE